FILED

MAR 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10075 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00575-JCM-VCF |
| v. | |
| RUBEN PEREZ-CRUZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 3, 2012[**]
San Francisco, California

Before: CUDAHY,[***] TROTT, and RAWLINSON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard D. Cudahy, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

We write primarily for the parties who are familiar with the underlying facts. Defendant Ruben Perez-Cruz was charged with violating 21 U.S.C. §§ 841 and 846 for conspiring to distribute methamphetamine. At trial, Perez-Cruz moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). The district court denied the motion. Perez-Cruz did not renew his motion at the close of all of the evidence. The jury concluded beyond a reasonable doubt that Perez-Cruz participated in the conspiracy.

Perez-Cruz appeals the denial of his motion for judgment of acquittal based on the insufficiency of the evidence to support his conviction.

This court reviews defendant's unrenewed motion for judgment of acquittal at the close of evidence for plain error. *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1200-01 (9th Cir. 2000).

To establish a drug conspiracy, the government must show: "'1) an agreement to accomplish an illegal objective; and 2) the intent to commit the underlying offense.'" *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009) (quoting *United States v. Barragan*, 263 F.3d 919, 922 (9th Cir. 2001)). Circumstantial evidence showing that "defendants acted together in pursuit of a common illegal goal" may prove the existence of a conspiracy. *Id.* (internal quotation marks omitted). The connection of the defendant to the conspiracy may be only slight,

but there must be sufficient evidence to establish that connection beyond a reasonable doubt. *United States v. Batimana*, 623 F.2d 1366, 1368 (9th Cir. 1980).

The relevant factors to determine the sufficiency of evidence that a defendant conspired by performing counter-surveillance are: (1) whether the defendant acted as a look-out during high-risk points of the drug deal; (2) whether the defendant was present during the drug deal that police monitored; (3) whether the evidence showed that particular objects, persons or activities were the subject of the defendant's counter-surveillance; and (4) whether the defendant attempted to evade arrest. *United States v. Moreno-Flores*, 33 F.3d 1164, 1171-72 (9th Cir. 1994).

Based on the *Moreno-Flores* factors, the evidence in this case demonstrates that Perez-Cruz participated in a conspiracy to sell methamphetamine. First, Perez-Cruz acted as a lookout during the high-risk period of the drug deal. Second, officers monitored both the meeting at the Tropicana Hotel and the Fashion Show Mall, and Perez-Cruz was present at both. Third, particular objects, persons or activities were the subject of the defendant's counter-surveillance; Perez-Cruz always kept eyes on the white van, including doing a U-turn to stay nearby. Fourth, Perez-Cruz attempted to evade arrest by speeding away in the BMW. He did not stop until backed up traffic left him no choice but to stop. Although

3

defendant testified that he could not see or hear the lights and siren, this is not credible.

The district court correctly concluded that the evidence proved beyond a reasonable doubt that Perez-Cruz participated in the conspiracy. There was no error so plain that a judge would have granted acquittal at the close of all the evidence *sua sponte*.

**AFFIRMED.**

*U.S. v. Perez-Cruz*, **Case No. 12-10075**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.